# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NORTH CAROLINA

## NORTHERN DIVISION

No. 2:17-cv-00004-FL

| | |
|---|---|
| SAVE OUR SOUND OBX, INC., THOMAS ASCHMONEIT, RICHARD AYELLA, DAVID HADLEY, MARK HAINES, JER MEHTA, and GLENN STEVENS, <br><br> Plaintiffs, <br><br> v. <br><br> NORTH CAROLINA DEPARTMENT OF TRANSPORTATION; FEDERAL HIGHWAY ADMINISTRATION; JOHN F. SULLIVAN, III, DIVISION ADMINISTRATOR, FEDERAL HIGHWAY ADMINISTRATION; and JAMES H. TROGDON, III, SECRETARY, NORTH CAROLINA DEPARTMENT OF TRANSPORTATION, <br><br> Defendants, <br><br> and <br><br> DEFENDERS OF WILDLIFE and NATIONAL WILDLIFE REFUGE ASSOCIATION, <br><br> Defendant-Intervenors. | **ORDER ON JOINT MOTION FOR BRIEFING SCHEDULE** |

On March 22, 2017, Plaintiffs Save Our Sound OBX, Inc., Thomas Aschmoneit, Richard Ayella, David Hadley, Mark Haines, Jer Mehta, and Glenn Stevens, and Defendants, the North Carolina Department of Transportation ("NCDOT"), James H. Trogdon, III, in his official capacity as Secretary of NCDOT, the Federal Highway Administration ("FHWA"), and John F. Sullivan, III, in his official capacity as Division Administrator for FHWA, and Defendant-Intervenors Defenders of Wildlife and the National Wildlife Refuge Association, (collectively

1

the "Parties"), submitted a Joint Motion for Briefing Schedule, requesting that the Court enter a scheduling order. After considering the Parties' Joint Motion for Briefing Schedule, the Court finds that the requested schedule is reasonable, and therefore, **IT IS HEREBY ORDERED** that:

1. The case shall be governed by the following schedule:

    a. On or before June 23, 2017, FHWA and Division Administrator Sullivan (the "Federal Defendants") shall lodge the Administrative Record, which will include materials generated by and for NCDOT and Secretary Trogdon (the "State Defendants"), and the certified index to the Administrative Record. Federal Defendants will provide the record on electronic media in lieu of a paper copy.

    b. The Parties will attempt in good faith to resolve any issues related to the contents of the Administrative Record as follows: On or before July 14, 2017, Plaintiffs will notify Defendants of any issues regarding the adequacy and completeness of the record. Defendants will respond to such notification on or before July 28, 2017.

    c. If the Parties cannot resolve all issues related to the composition of the Administrative Record, Plaintiffs may file a motion to complete or supplement the Administrative Record on or before August 25, 2017. The Federal Defendants and the State Defendants may each file a response to any such motion on or before September 22, 2017.

    d. If no motion to complete or supplement the Administrative Record is made, Plaintiffs' Motion for Summary Judgment shall be due September 1, 2017, accompanied by a memorandum not to exceed 50 pages.

e. The Federal Defendants' and the State Defendants' Cross-Motions for Summary Judgment and Responses in Opposition to Plaintiffs' Motion for Summary Judgment, and memoranda in support thereof, shall each be due October 4, 2017, and each memorandum shall not exceed 50 pages. Intervenor-Defendants Defenders of Wildlife and National Wildlife Refuge Association may also jointly file a Motion for Summary Judgment on October 4, 2017, and the accompanying brief shall not exceed 50 pages.

f. Plaintiffs' Reply Memorandum in support of its Motion for Summary Judgment and Response in Opposition to Defendants' and Intervenor-Defendants' Motions for Summary Judgment shall be due October 31, 2017, and shall not exceed 50 pages.

g. The Federal Defendants' and the State Defendants' Reply Memoranda in support of their respective Motions for Summary Judgment shall be due November 21, 2017 and shall not exceed 25 pages. Intervenor-Defendants Defenders of Wildlife and National Wildlife Refuge Association may also jointly file a Reply Memorandum on November 21, 2017, and that brief shall not exceed 25 pages.

h. If Plaintiffs move to complete or supplement the Administrative Record, the Parties will submit a revised proposed briefing schedule to the Court.

i. With the exception of discrete geotechnical borings and a discrete and temporary pile test program, State Defendants have advised Plaintiffs that ground-disturbing activities are not likely to begin prior to March 2018.

In light of this advisement, Defendants agree to provide notice to Plaintiffs no less than 45 days before the commencement of any ground-disturbing activities other than the discrete geotechnical borings or the discrete and temporary pile test program.

2. Plaintiffs' Motion for Preliminary Injunction (ECF No. 29) shall be stayed indefinitely. Plaintiffs do not intend to request that the stay of their motion for a preliminary injunction be lifted or to file a motion for a temporary restraining order or modified motion for preliminary injunction, unless Plaintiffs become aware of imminent ground-disturbing activities or otherwise determine that it is unlikely that a decision on the merits will be rendered prior to the commencement of ground-disturbing activities.

Ordered this 23rd day of March, 2017.

*Louise W. Flanagan*

The Honorable Louise W. Flanagan
United States District Judge