IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

NO. 2:17-CV-00004-FL

| | |
|---|---|
| SAVE OUR SOUND OBX, INC., THOMAS ASCHMONEIT, RICHARD AYELLA, DAVID HADLEY, MARK HAINES, JER MEHTA, and GLENN STEVENS,<br><br>              Plaintiffs,<br><br>              v.<br><br>NORTH CAROLINA DEPARTMENT OF TRANSPORTATION, JAMES H. TROGDON, III, in his official capacity as Secretary of the North Carolina Department of Transportation, FEDERAL HIGHWAY ADMINISTRATION, and JOHN F. SULLIVAN, III, in his official capacity as Division Administrator for the Federal Highway Administration,<br><br>              Defendants,<br><br>and<br><br>DEFENDERS OF WILDLIFE and NATIONAL WILDLIFE REFUGE ASSOCIATION,<br><br>              Defendant-Intervenors. | PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO AMEND COMPLAINT |

Defendants North Carolina Department of Transportation and James H. Trogdon, III (collectively, "State Defendants"), and Defendants Federal Highway Administration and John F. Sullivan, III (collectively, "Federal Defendants"), have taken no position on Plaintiffs' motion to amend their complaint filed on October 26, 2017, D.E. 78. *See* D.E. 86 (State Defendants'

Response); D.E. 88 (Federal Defendants' Response).[1] Defendant-Intervenors oppose Plaintiffs' motion on the grounds that Plaintiffs' claims are barred by the statute of limitations because they do not relate back to the Original Complaint or the First Amended Complaint. *See* D.E. 87. Defendant-Intervenors' argument fails because all of Plaintiffs' amended allegations relate to the core issue set forth in both the Original Complaint and the First Amended Complaint— Defendants' failure to analyze the impacts of and alternatives to the Jug-Handle Bridge prior to issuing the Phase IIb Record of Decision. Because the new claims relate back under Federal Rule of Civil Procedure 15(c)(1)(B), they are not time barred.

I. **Plaintiffs' new claims relate back to the Original Complaint and the First Amended Complaint.**

Federal Rule of Civil Procedure 15(c)(1)(B) provides that an amended pleading relates back to the date of the original pleading when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." FED. R. CIV. P. 15(c)(1)(B). Tellingly, Defendant-Intervenors do not directly address the text of this rule in their opposition to the instant motion. Even a cursory look at Plaintiffs' proposed Second Amended Complaint shows that the new claims—regarding Defendants' failure to analyze impacts on the Rodanthe Historic District and the Pappy Lane Wreck in Pamlico Sound—arose out of the same "conduct, transaction, or occurrence set out" in

---

[1] Although Federal Defendants take no position on the instant motion, they claim that a construction diagram upon which Plaintiffs are relying was inadvertently included in the Administrative Record and was not relied upon in Defendants' decision-making process. D.E. 88. Regardless of whether or not this document was created after the Record of Decision was issued, it provides further evidence of Defendants' failure to analyze the impacts of the project on the Rodanthe Historic District prior to issuing the Record of Decision. Furthermore, this construction diagram is not the only document upon which Plaintiffs intend to rely during merits briefing to show that Defendants failed to adequately analyze the project's impacts on the Rodanthe Historic District.

both the Original Complaint and the First Amended Complaint—Defendants' failure to adequately analyze the impacts of and alternatives to the Jug-Handle Bridge prior to issuing the Phase IIb Record of Decision. *See* D.E. 78-1 ¶¶ 72–80, 86, 91–96. Because both the Original Complaint and the First Amended Complaint were filed within the limitations period for suits challenging the Phase IIb Record of Decision, the relation back of the proposed amended complaint precludes any time bar that would otherwise apply.

Not only do Plaintiffs' amended allegations relate back under a common-sense reading of the applicable rule; this conclusion is also supported by highly analogous case law. In *South Carolina Wildlife Federation v. Limehouse*, No. C/A 2:06-CV-2528-DCN, 2009 WL 2244210 (D.S.C. July 27, 2009), the plaintiffs initially brought claims against the South Carolina Department of Transportation and the Federal Highway Administration challenging the proposed construction of a highway connector project. Plaintiffs' original complaint alleged that the Final Environmental Impact Statement was deficient and that defendants' issuance of the project's Record of Decision therefore constituted a violation of the National Environmental Policy Act ("NEPA"). *Id.* at *2. After the limitations period had run for challenges to the Record of Decision, the plaintiffs moved to amend their complaint to add allegations pursuant to Section 4(f) of the Department of Transportation Act ("Section 4(f)"). *Id.* Much as Defendant-Intervenors have done here, the *Limehouse* defendants opposed the motion to amend on the grounds that the Section 4(f) claims did not relate back to the original complaint and were therefore time barred. *Id.* The *Limehouse* court rejected defendants' arguments and granted plaintiffs' motion to amend. *Id.* at *3. As the court explained, "plaintiffs' Section 4(f) claim falls squarely within the relation back rule. The Section 4(f) claim and the originally-filed NEPA

claims arise out of the same 'conduct, transaction, or occurrence': the proposed construction of the Connector." *Id.*

Just as the new Section 4(f) claims in *Limehouse* related back to the same "conduct, transaction, or occurrence" set out in the original complaint—the proposed construction of the connector highway—so too do Plaintiffs' new Section 4(f) and National Historic Preservation Act claims here relate back to the same "conduct, transaction, or occurrence" set out in the Original Complaint and the First Amended Complaint—the proposed construction of the Jug-Handle Bridge.

Defendant-Intervenors do not mention the highly analogous *Limehouse* case in their opposition, instead citing to cases that are readily distinguishable from the instant matter. For example, Defendant-Intervenors cite to *Everett v. Prison Health Services*, 412 Fed. Appx. 604 (4th Cir. 2011), in support of the argument that Plaintiffs' claims are time barred. D.E. 87 at 6. However, the amendments at issue in *Everett* pertained to a new defendant, who "did not have sufficient notice of the action to avoid prejudice in defending it." 412 Fed. Appx. at 606. Here, there are no new defendants, and no party claims that it would be prejudiced by the granting of the instant motion. Indeed, State Defendants and Federal Defendants do not even oppose the motion. There is no prejudice because both the Original Complaint and the First Amended Complaint put Defendants on notice of Plaintiffs' challenge to the issuance of the Record of Decision—the same event underlying Plaintiffs' new allegations. Thus, relation back is appropriate. *See Sierra Club v. Penfold*, 857 F.2d 1307, 1315 (9th Cir. 1988) ("The *raison d'etre* for relation back is that the opposing party is already on notice of the action and hence no prejudice results: 'Once the defendant is in court on a claim arising out of a particular transaction

or set of facts, he is not prejudiced if another claim, arising out of the same facts, is added.'") (quoting *Santana v. Holiday Inns, Inc.*, 686 F.2d 736, 739 (9th Cir. 1982)).

Defendant-Intervenors also imprudently rely on *Brennan v. Tar Heel Home Supply, Inc.*, 62 F.R.D. 190, 192 (E.D.N.C. 1974), for the proposition that "the general rule of relation back does not extend to amendments that add new causes of action." D.E. 87 at 8; *see also* D.E. 87 at 7, 10 (citing *Union Pacific Railway Co. v. Wyler*, 158 U.S. 285, 296–98 (1895), and *Baltimore & O.S.W.R. Co. v. Carroll*, 280 U.S. 491, 495 (1930), in support of the same argument). Defendant-Intervenors fail to note that the *Brennan* court further explained that "an alteration of the modes in which defendant has breached a legal duty or caused an injury is not an introduction of a new cause of action." *Brennan*, 62 F.R.D. at 193.

Here, Defendants had a "legal duty" to fully analyze the impacts of and alternatives to the Jug-Handle Bridge prior to issuing the Phase IIb Record of Decision. All of Plaintiffs' allegations pertain to the same cause of action—Defendant's failure to fulfill this duty by issuing the Record of Decision without performing the required analysis. Plaintiffs' new allegations regarding the specific elements of Defendants' analysis, or lack thereof, simply represent "the modes in which [D]efendant[s] ha[ve] breached [their] legal duty," and therefore do not constitute a new cause of action. *Brennan*, 62 F.R.D. at 193. At most, these allegations constitute new legal theories relating back to the same underlying cause of action—the unlawful issuance of the Record of Decision. *See Limehouse*, 2009 WL 2244210 (holding that new Section 4(f) claim was not time barred given that it related back to NEPA claim filed before limitations period had run for bringing challenges to Record of Decision regarding highway project); *Humphries v. Going*, 59 F.R.D. 583, 587 (E.D.N.C. 1973) (distinguishing between new

5

legal theory and new cause of action, and holding that new negligent entrustment claim was not time barred given that it related back to original claim of imputed negligence).

Defendant-Intervenors' reliance on *Schoonfield v. Mayor & City Council of Baltimore*, 399 F. Supp. 1068, 1072 (D. Md. 1975), *aff'd sub nom. Schoonfield v. City of Baltimore*, 544 F.2d 515 (4th Cir. 1976), is likewise misplaced. *See* D.E. 87 at 7–8. There, the time-barred claim of libel was based on the publication of a letter, whereas the claims in the original complaint were based on a separate nucleus of facts surrounding plaintiff's termination of employment. Here, all of the allegations pertain to Defendants' failure to analyze the impacts of and alternatives to the Jug-Handle Bridge before issuing the Phase IIb Record of Decision. Similarly, Defendant-Intervenors unconvincingly point to a case in which an assault claim was deemed not to relate back to a claim for breach of promise to marry—two wholly independent claims that share no common factual nexus. D.E. 87 at 7–8 (citing *Griggs v. Farmer*, 430 F.2d 638, 639 (4th Cir. 1970)).

After citing a litany of inapposite cases, Defendant-Intervenors list a number of factual allegations in the proposed amended complaint and argue that because these allegations are not in the original complaint, they cannot relate back. D.E. 87 at 9. By definition, an amended complaint must include some allegations that were not included in the original complaint. Thus, an argument that allegations cannot relate back if they were not included in the original complaint makes little sense. Indeed, under this flawed logic, only amendments that contain no new factual allegations would relate back, thereby rendering Rule 15(c)(1)(B) a dead letter.

Of course, Rule 15(c)(1)(B) does retain meaning, as its scope is not as constricted as Defendant-Intervenors purport. New allegations relate back if they pertain to the "conduct, transaction, or occurrence set out" in the original complaint. FED. R. CIV. P. 15(c)(1)(B); *see*

*also Humphries v. Going*, 59 F.R.D. 583 (E.D.N.C. 1973) (holding that new claim of negligent entrustment and new factual allegations regarding driver's alcoholism related back to original complaint regarding automobile accident). Here, all of the specific allegations cited by Defendant-Intervenors have a clear "factual nexus" to the allegations set forth in both the Original Complaint and the First Amended Complaint—Defendants' failure to analyze the impacts of and alternatives to the Jug-Handle Bridge prior to issuing the Phase IIb Record of Decision. *Grattan v. Burnett*, 710 F.2d 160, 163 (4th Cir. 1983); *see also Humphries*, 59 F.R.D. at 587 (finding that an amendment relates back where "the [a]mendment is not a different matter, but the same matter more fully, though differently, laid"). Because there is "some factual nexus" between the amended claims and the original claims, the amended claims must be "liberally construed to relate back to the original complaint if the defendant had notice of the claim and will not be prejudiced by the amendment." *Grattan*, 710 F.2d at 163.

As noted above, both the Original Complaint and the First Amended Complaint put Defendants and Defendant-Intervenors on notice regarding Plaintiffs' claims that the Record of Decision was unlawfully issued (including specific claims under both NEPA and Section 4(f)), and no party is here asserting that the amended claims pose any threat of prejudice. Thus, Plaintiffs' new claims relate back and are not time barred.

**II.  Plaintiffs' new claims may properly be raised in this suit.**

Defendant-Intervenors also argue that "Plaintiffs' motion to bring new challenges at this late date, if granted, would effect an end run around the Administrative Procedure Act." D.E. 87 at 12. This argument misses the mark.

NEPA may require that Defendants prepare a Supplemental EIS based on newly disclosed information—and Plaintiffs hope that Defendants are considering their responsibilities under the law and are taking appropriate action to comply. *See generally* 23 C.F.R. § 771.130

7

(requiring federal Defendants to assess new information or circumstances relevant to environmental concerns of a proposed action, and prepare a supplemental environmental assessment or environmental impact statement as appropriate); 23 C.F.R. § 1502.9(c) (requiring agencies to prepare a supplemental environmental impact statement in the face of significant new information relevant to environmental concerns). But Plaintiffs are not making that claim in this lawsuit at this time. Rather, Plaintiffs are challenging the existing Record of Decision approving the current project because Defendants failed to properly analyze the impacts of the Jug-Handle Bridge and its construction from the get-go. Every allegation in the instant suit pertains to the unlawful issuance of the Record of Decision—the final agency action at issue. Thus, to the extent that any additional information provides further support to Plaintiffs' contention that Defendants failed to analyze the impacts of the project prior to issuing the Record of Decision, it is properly raised in this suit.[2]

In sum, the standard for motions to amend pleadings is a liberal one. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (explaining that the liberal standard provided by Federal Rule of Civil Procedure 15(a)(2) is a "mandate . . . to be heeded"). Defendant-Intervenors request that this Court apply a much stricter standard for which there is no legal basis, and Defendant-Intervenors' argument therefore must fail. *See United States ex rel. Carter v. Halliburton Co.*, 315 F.R.D. 56, 64 (E.D. Va. 2016), *aff'd*, 866 F.3d 199 (4th Cir. 2017) (explaining that a "strict

---

[2] Defendant-Intervenors make a number of statements regarding Plaintiffs' failure to submit comments on the Rodanthe Historic District and the Pappy Lane Wreck during the administrative process. While this issue is not pertinent to the instant motion, Plaintiffs would note that they were taking Defendants' statements at face value when Defendants inaccurately stated that the Pappy Lane Wreck was merely a modern barge that was "not a significant submerged cultural resource," AR 57428, and that "the Phase IIb detailed study alternatives avoid the Rodanthe Historic District," RD 23542. Plaintiffs cannot reasonably be faulted for not commenting on impacts that—due to Defendants' inadequate analysis and disclosure—Plaintiffs had no reason to believe would exist.

interpretation of Rule 15(c) would have anomalous results" and would be "contrary to Rule 15(c)'s liberal policy of resolving issues on the merits").

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion to amend should be granted.


Dated:  November 29, 2017                                Respectfully submitted,

/s/ Michael K. Murphy_____
Michael K. Murphy
  D.C. Bar No. 468907
  MMurphy@gibsondunn.com
Bryson C. Smith
  D.C. Bar No. 1025120
  BSmith@gibsondunn.com
GIBSON, DUNN & CRUTCHER, LLP
1050 Connecticut Ave., N.W.
Washington, D.C. 20036
Tel: (202) 955-8500
Fax: (202) 530-9657
Counsel for Plaintiffs

/s/ Zia C. Oatley_____
Zia C. Oatley
KEAN MILLER, LLP
909 Poydras Street
Suite 3600
New Orleans, LA 70112
Tel: (504) 620-3346
Fax: (504) 620-3198
Zia.Oatley@keanmiller.com
NC Bar No. 44664
Local Civil Rule 83.1 Counsel for Plaintiffs

# CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of November, 2017, I electronically filed a copy of the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing, and pursuant to Local Civil Rule 5.1(e), shall constitute service upon, the following:

John G. Batherson
Colin Justice
North Carolina Department of Justice
1505 Mail Service Center
Raleigh, NC 27699
*Counsel for Defendants North Carolina Department of*
*Transportation and James H. Trogdon, III,*
*in his official capacity as Secretary of NCDOT*

Carter Fleeth Thurman
Neal Fowler
U.S. Department of Justice
601 D Street NW
Washington, D.C. 20001
*Counsel for Defendants Federal Highway Administration and*
*John F. Sullivan, III, in his official capacity as Division Administrator*
*of FHWA*

Derb S. Carter, Jr.
Kimberley Hunter
Nicholas S. Torrey
Southern Environmental Law Center
601 West Rosemary Street, Suite 220
Chapel Hill, NC 27516-2356
*Counsel for Defendant-Intervenors Defenders of Wildlife and*
*National Wildlife Refuge Association*

This the 29th day of November, 2017.

                                                  /s/ Bryson C. Smith
                                                Bryson C. Smith