IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

No. 2:17-cv-00004-FL

| | |
|---|---|
| SAVE OUR SOUND OBX, INC., THOMAS ASCHMONEIT, RICHARD AYELLA, DAVID HADLEY, MARK HAINES, JER MEHTA, and GLENN STEVENS, <br><br> Plaintiffs, <br><br> v. <br><br> NORTH CAROLINA DEPARTMENT OF TRANSPORTATION, JAMES H. TROGDON, III, SECRETARY, NORTH CAROLINA DEPARTMENT OF TRANSPORTATION, FEDERAL HIGHWAY ADMINISTRATION, and JOHN F. SULLIVAN, III, DIVISION ADMINISTRATOR, FEDERAL HIGHWAY ADMINISTRATION, <br><br> Defendants, <br><br> and <br><br> DEFENDERS OF WILDLIFE and NATIONAL WILDLIFE REFUGE ASSOCIATION, <br><br> Defendant-Intervenors. | **FEDERAL DEFENDANTS' ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT** |

COMES NOW the Federal Highway Administration ("FHWA") and John F. Sullivan, III, in his official capacity as Division Administrator for FHWA's North Carolina Office (hereinafter collectively "Federal Defendants"), by and through the undersigned counsel, to respond to the correspondingly numbered paragraphs of Plaintiffs' Second Amended Complaint as follows:

1. The allegations in Paragraph 1 constitute Plaintiffs' characterization of their case and conclusions of law to which no response is required. To the extent a response is required, Federal Defendants admit that Plaintiffs allege claims for violations of the National

Environmental Policy Act ("NEPA") and other related laws, but deny the remaining allegations and specifically deny that Plaintiffs are entitled to any relief under the cited statutes.

2. Federal Defendants deny the allegations in Paragraph 2.

3. Federal Defendants admit the allegations in the first and second sentences of Paragraph 3. Federal Defendants deny the allegations in the third sentence of Paragraph 3.

4. Federal Defendants admit the allegations in Paragraph 4.

5. Federal Defendants admit the allegations in the first sentence of Paragraph 5. Federal Defendants deny the allegations in the second sentence of Paragraph 5.

6. Federal Defendants deny the allegations in Paragraph 6.

7. Federal Defendants deny the allegations in Paragraph 7.

8. Federal Defendants deny the allegations in Paragraph 8.

9. Federal Defendants deny the allegations in Paragraph 9.

10. The allegations in Paragraph 10 constitute Plaintiffs' characterization of their case and conclusions of law to which no response is required. To the extent a response is required, Federal Defendants deny the allegations set forth therein.

11. The allegations in Paragraph 11 constitute Plaintiffs' characterization of their case and conclusions of law to which no response is required. To the extent a response is required, Federal Defendants deny the allegations set forth therein.

12. Federal Defendants are without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in Paragraph 12, and on that basis deny the allegations set forth therein.

13. Federal Defendants are without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in Paragraph 13, and on that basis deny the allegations set forth therein.

14. Federal Defendants are without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in Paragraph 14, and on that basis deny the allegations set forth therein.

15. Federal Defendants are without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in Paragraph 15, and on that basis deny the allegations set forth therein.

16. Federal Defendants are without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in Paragraph 16, and on that basis deny the allegations set forth therein.

17. Federal Defendants are without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in Paragraph 17, and on that basis deny the allegations set forth therein.

18. Federal Defendants are without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in Paragraph 18, and on that basis deny the allegations set forth therein.

19. Federal Defendants are without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in Paragraph 19, and on that basis deny the allegations set forth therein.

20. Federal Defendants admit the allegations in Paragraph 20.

21. Federal Defendants admit the allegations in the first sentence of Paragraph 21. With regard to the second sentence, Federal Defendants admit that Administrator Sullivan had final authority for the FHWA's preparation and approval of the environmental analysis and Record of Decision challenged in this action, but deny that the environmental analysis and Record of Decision are inadequate.

22. Federal Defendants admit the allegations in the first and second sentences of Paragraph 22. Federal Defendants deny the allegations in the third sentence and aver that NCDOT had a role in preparing the environmental analysis for the project.

23. Federal Defendants admit the allegations in the first sentence of Paragraph 23. Federal Defendants deny the allegations in the second sentence and aver that James H. Trogdon, III is the Secretary of NCDOT.

24. The allegations in Paragraph 24 constitute conclusions of law to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

25. The allegations in Paragraph 25 constitute conclusions of law to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

26. The allegations in Paragraph 26 constitute conclusions of law to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

27. The allegations in Paragraph 27 constitute conclusions of law to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

28. The allegations in Paragraph 28 purport to characterize and quote from NEPA and NEPA regulations, and as such constitute conclusions of law to which no response is required. The Court is directed to the cited statute and regulations for a true and complete statement of their provisions.

29. The allegations in Paragraph 29 purport to characterize CEQ's and FHWA's NEPA implementing regulations, and as such constitute conclusions of law to which no response is required. The Court is directed to the cited regulations for a true and complete statement of their provisions.

30. The allegations in Paragraph 30 purport to characterize NEPA and quote from a case, and as such constitute conclusions of law to which no response is required. The Court is directed to the cited case for a true and complete statement of its provisions.

31. The allegations in Paragraph 31 purport to characterize and quote from NEPA regulations, and as such constitute conclusions of law to which no response is required. The Court is directed to the cited regulations for a true and complete statement of their provisions.

32. The allegations in Paragraph 32 purport to characterize and quote from NEPA and NEPA regulations, and as such constitute conclusions of law to which no response is required. The Court is directed to the cited statute and regulations for a true and complete statement of their provisions.

33. The allegations in Paragraph 33 purport to characterize and quote from NEPA and NEPA regulations, and as such constitute conclusions of law to which no response is required. The Court is directed to the cited statute, regulations, and case for a true and complete statement of their provisions.

34. The allegations in Paragraph 34 purport to characterize and quote from NEPA regulations, and as such constitute conclusions of law to which no response is required. The Court is directed to the cited regulations for a true and complete statement of their provisions.

35. The allegations in Paragraph 35 purport to characterize and quote from NEPA regulations, and as such constitute conclusions of law to which no response is required. The Court is directed to the cited regulation for a true and complete statement of its provisions.

36. The allegations in Paragraph 36 purport to characterize and quote from FHWA's NEPA regulations, and as such constitute conclusions of law to which no response is required. The Court is directed to the cited regulations for a true and complete statement of their provisions.

37. The allegations in Paragraph 37 purport to characterize Section 4(f), and as such constitute conclusions of law to which no response is required. The Court is directed to the cited statutes for a true and complete statement of their provisions.

38. The allegations in Paragraph 38 purport to characterize and quote from Section 4(f), and as such constitute conclusions of law to which no response is required. The Court is directed to the cited statutes for a true and complete statement of their provisions.

39. The allegations in Paragraph 39 purport to characterize FHWA's Section 4(f) regulations, and as such constitute conclusions of law to which no response is required. The Court is directed to the cited regulations for a true and complete statement of their provisions.

40. The allegations in Paragraph 40 purport to characterize and quote from the National Historic Preservation Act ("NHPA"), and as such constitute conclusions of law to which no response is required. The Court is directed to the cited statute for a true and complete statement of its provisions.

41. The allegations in Paragraph 41 purport to characterize and quote from the Administrative Procedure Act ("APA"), and as such constitute conclusions of law to which no response is required. The Court is directed to the cited statute for a true and complete statement of its provisions.

42. The allegations in the first sentence of Paragraph 42 constitute Plaintiffs' characterization of their case to which no response is required. To the extent a response is required, Federal Defendants admit that the Bonner Bridge Replacement Project is intended to provide long-term improvements to NC-12 along the Outer Banks. Federal Defendants admit the allegations in the second sentence of Paragraph 42. The allegations in the third sentence of Paragraph 42 constitute Plaintiffs' characterization of their case to which no response is required. The allegations in the fourth sentence of Paragraph 42 purport to characterize and depict Figure 1 from the project's 2016 Revised Environmental Assessment ("2016 Revised EA"), which speaks for itself and is the best evidence of its contents. The Court is referred to the cited material in the 2016 Revised EA for a true and complete statement of its contents, and to the extent the allegations are inconsistent with the 2016 Revised EA, Federal Defendants deny the allegations.

43. Federal Defendants admit the allegations in the first, second, and fourth sentences of Paragraph 43. With regard to the third sentence, Federal Defendants admit that the Jug-Handle will terminate within the Pea Island Refuge on its northern end and will terminate within Rodanthe on its southern end. The allegations in the fifth sentence of Paragraph 43 purport to characterize and depict Figure 10 from the project's 2016 Revised EA, which speak for itself and is the best evidence of their contents. The Court is referred to the cited material in the 2016 Revised EA for a true and complete statement of its contents, and to the extent the allegations are inconsistent with the 2016 Revised EA, Federal Defendants deny the allegations.

44. With regard to the first sentence in Paragraph 44, Federal Defendants admit that federal and state environmental resource and regulatory agencies formed a NEPA /Section 404 Merger Team. The remaining allegations in the first sentence are too vague to respond to, and Federal Defendants deny the allegations. The role of and composition of the NEPA/Section 404 Merger Team are described in the Revised EA and Record of Decision. The Revised EA and Record of Decision are documents that speak for themselves and are the best evidence of their contents. The Court is referred to the Revised EA and Record of Decision for a true and complete statement of its contents, and to the extent the remaining allegations in Paragraph 44 are inconsistent with the remaining allegations in Paragraph 44, Federal Defendants deny these allegations.

45. Federal Defendants admit the allegations in Paragraph 45.

46. Federal Defendants admit the allegations in the first and second sentences of Paragraph 46. Federal Defendants deny the allegations in the third sentence of Paragraph 46. Federal Defendants deny the allegations in the fourth sentence of Paragraph 46, and aver that the section of NC-12 being moved westward was the road portion of NC-12 in the Refuge, not the elevated portion.

47. Federal Defendants admit the allegations in Paragraph 47.

48. Federal Defendants admit the allegations in the first and second sentences of Paragraph 48. The allegations in the third sentence of Paragraph 48 purport to characterize and quote from the Revised Section 4(f) Evaluation for the project which speaks for itself and is the best evidence of its contents. The Court is directed to the cited portion of the 4(f) document for a true and complete statement of its provisions, and to the extent the allegations are inconsistent with the 4(f) document, Federal Defendants deny the allegations.

8

49. Federal Defendants admit the allegations in Paragraph 49.

50. Federal Defendants admit that, in December 2010, a Record of Decision was issued for Phase I of the Bonner Bridge Replacement Project. The Record of Decision speaks for itself and is the best evidence of its contents. The Court is referred to the cited material for a true and complete statement of its contents, and to the extent the allegations are inconsistent with such material, Federal Defendants deny the allegations.

51. Federal Defendants admit the allegations in Paragraph 51.

52. Federal Defendants admit the allegations in Paragraph 52.

53. Federal Defendants admit the allegations in the first and second sentences of Paragraph 53. The allegations in the third sentence of Paragraph 53 purport to depict a Figure 2 from the project's 2013 Environmental Assessment, which speaks for itself and is the best evidence of its contents. The Court is referred to the cited material for a true and complete statement of its contents, and to the extent the allegations are inconsistent with such material, Federal Defendants deny the allegations. With respect to the fourth sentence of Paragraph 53, Federal Defendants admit that the 2013 EA identified the beach nourishment and beach nourishment combined with a bridge within the existing easement as alternatives, but deny that they were "summarily" rejected. Federal Defendants admit the allegations in the fifth sentence of Paragraph 53.

54. Federal Defendants admit the allegations in Paragraph 54.

55. Federal Defendants admit the allegations in Paragraph 55.

56. Federal Defendants admit the allegations in the first sentence of Paragraph 56. The allegations in the second sentence of Paragraph 56 purport to characterize and quote from the Settlement Agreement ("Agreement"), which speaks for itself and is the best evidence of its

contents. The Court is directed to the Agreement for a true and complete statement of its provisions, and to the extent the allegations are inconsistent with the Agreement, Federal Defendants deny the allegations.

57. The allegations in Paragraph 57 purport to characterize and quote from the Agreement, which speaks for itself and is the best evidence of its contents. The Court is directed to the Agreement for a true and complete statement of its provisions, and to the extent the allegations are inconsistent with the Agreement, Federal Defendants deny the allegations.

58. The allegations in Paragraph 58 purport to characterize the Agreement, which speaks for itself and is the best evidence of its contents. The Court is directed to the Agreement for a true and complete statement of its provisions, and to the extent the allegations are inconsistent with the Agreement, Federal Defendants deny the allegations.

59. Federal Defendants admit that the Merger Team identified the Jug-Handle Bridge as the Least Environmentally Damaging Practicable Alternative ("LEDPA") on June 17, 2015, and deny the remainder of the allegations in Paragraph 59.

60. The allegations in the first sentence of Paragraph 60 purport to characterize and quote from the Memorandum of Understanding ("MOU") for the project, which speaks for itself and is the best evidence of its contents. The Court is directed to the cited provisions of the MOU for a true and complete statement of its provisions, and to the extent the allegations are inconsistent with the MOU, Federal Defendants deny the allegations. Federal Defendants deny the allegations in the second sentence of Paragraph 60.

61. Federal Defendants admit the allegations in the first sentence of Paragraph 61. Federal Defendants deny the allegations in the second sentence of Paragraph 61.

62. Federal Defendants admit the allegations in Paragraph 62 and aver that only construction for the replacement of the portion of the Bonner Bridge that spanned the Oregon Inlet commenced on March 8, 2016.

63. With respect to the first sentence of Paragraph 63, Federal Defendants admit that the 2016 Revised EA identified the Jug-Handle Bridge as the preferred alternative. Federal Defendants deny the remaining allegations in the first sentence of Paragraph 63. The allegations in the second and third sentences of Paragraph 63 purport to characterize and quote from the 2016 Revised EA, which speaks for itself and is the best evidence of its contents. The Court is directed to the cited provisions of the Revised EA for a true and complete statement of its contents, and to the extent the allegations are inconsistent with the Revised EA, Federal Defendants deny the allegations.

64. Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 64, and therefore deny the allegations.

65. With respect to the first sentence of Paragraph 65, Federal Defendants admit that the 2016 Phase IIb Record of Decision. The Record of Decision speaks for itself and is the best evidence of its contents. The Court is referred to the cited material for a true and complete statement of its contents, and to the extent the allegations are inconsistent with such material, Federal Defendants deny the allegations. The allegations in the second sentence of Paragraph 65 constitute conclusion of law to which no response is required. To the extent a response is required, Federal Defendants deny the allegations set forth therein.

66. The allegations in Paragraph 66 purport to characterize and quote from the 2010 Phase I EA, which speaks for itself and is the best evidence of its contents. The Court is directed to the cited provisions of the 2010 EA for a true and complete statement of its contents, and to

the extent the allegations are inconsistent with the 2010 EA, Federal Defendants deny the allegations.

67. With respect to the allegations in Paragraph 67, the Federal Defendants admit that a 2010 Phase I EA was issued and that it addressed beach nourishment. The 2010 Phase I EA speaks for itself and is the best evidence of its contents. The Court is referred to the cited material for a true and complete statement of its contents, and to the extent the allegations are inconsistent with such material, Federal Defendants deny the allegations. The remaining allegations in Paragraph 67 are Plaintiffs' legal conclusions or subjective characterizations of the case to which no response is required. To the extent a response is required to the remaining allegations in Paragraph 67, Federal Defendants deny the allegations.

68. The allegations in the first sentence of Paragraph 68 constitute Plaintiffs' characterization of their case and conclusions of law to which no response is required. To the extent a response is required, Federal Defendants deny the allegations. With respect to the allegations in the second sentence of Paragraph 68, Federal Defendants admit that the shoreline erosion projections for the year 2060 were included in the 2008 FEIS, but deny the remainder of the allegations in the sentence. Federal Defendants deny the allegations in the third sentence of Paragraph 68. The allegations in the fourth sentence of Paragraph 68 purport to characterize and quote from the 2013 Phase IIb EA, which speaks for itself and is the best evidence of its contents. The Court is directed to the cited provisions of the 2013 EA for a true and complete statement of its contents, and to the extent the allegations are inconsistent with the 2013 EA, Federal Defendants deny the allegations. With respect to the fifth sentence of Paragraph 68, Federal Defendants admit that an EA was prepared and deny the remaining allegations in the sentence.

69. The allegations in the first sentence of Paragraph 69 purport to characterize and quote from the 2016 Revised Phase IIb EA, which speaks for itself and is the best evidence of its contents. The Court is directed to the cited provisions of the 2016 EA for a true and complete statement of its contents, and to the extent the allegations are inconsistent with the 2016 EA, Federal Defendants deny the allegations. Federal Defendants admit the allegations in the second sentence of Paragraph 69. Federal Defendants deny the allegations in the third sentence of Paragraph 69. The allegations in the fourth and fifth sentences of Paragraph 69 purport to characterize and quote from the 2016 EA, which speaks for itself and is the best evidence of its contents. The Court is directed to the cited provisions of the 2016 EA for a true and complete statement of its contents, and to the extent the allegations are inconsistent with the 2016 EA, Federal Defendants deny the allegations. Federal Defendants deny the allegations in the sixth sentence of Paragraph 69.

70. Federal Defendants are without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in the first and second sentences of Paragraph 70, and on that basis deny the allegations set forth therein. Federal Defendants deny the allegations in the third sentence of Paragraph 70. Federal Defendants are without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in the fourth sentence of Paragraph 70, and on that basis deny the allegations set forth therein.

71. Federal Defendants admit that the Rodanthe Historic District is subject to Section 4(f) and Section 106 of the NHPA.

72. Federal Defendants admit a diagram was prepared after the 2016 Phase IIb ROD issued indicating a proposal for possible plans for construction and use of a haul road. Federal

13

Defendants admit the allegations in the second sentence of Paragraph 72 as the hauling plans had not been created at the time the ROD was signed.

73. Federal Defendants admit the allegations in the first sentence of Paragraph 73. Federal Defendants deny the allegations in the second sentence. Federal Defendants deny the allegations in the third sentence of Paragraph 73.

74. Federal Defendants deny the allegations in Paragraph 74.

75. Federal Defendants incorporate by reference their answers to Paragraphs 1 through 74 above.

76. Federal Defendants deny the allegations in Paragraph 76.

77. Federal Defendants deny the allegations in Paragraph 77.

78. The allegations in the first sentence of Paragraph 78 purport to characterize and quote from NEPA regulations, and as such constitute conclusions of law to which no response is required. The Court is directed to the cited regulations for a true and complete statement of their provisions. Federal Defendants deny the allegations in the second and third sentences of Paragraph 78.

79. The allegations in the first sentence of Paragraph 79 purport to characterize and quote from NEPA regulations, and as such constitute conclusions of law to which no response is required. The Court is directed to the cited regulations for a true and complete statement of their provisions. Federal Defendants deny the allegations in the second and third sentences of Paragraph 79.

80. Federal Defendants deny the allegations in Paragraph 80.

81. Federal Defendants incorporate by reference their answers to Paragraphs 1 through 80 above.

82. Federal Defendants deny the allegations in Paragraph 82.

83. Federal Defendants deny the allegations in Paragraph 83.

84. Federal Defendants deny the allegations in Paragraph 84.

85. Federal Defendants deny the allegations in Paragraph 85.

86. Federal Defendants deny the allegations in Paragraph 86.

87. Federal Defendants incorporate by reference their answers to Paragraphs 1 through 86 above.

88. Federal Defendants deny the allegations in Paragraph 88.

89. Federal Defendants deny the allegations in Paragraph 89.

## PRAYER FOR RELIEF

The remainder of Plaintiffs' Second Amended Complaint consists of Plaintiffs' request for relief to which no response is required. To the extent a response is required, Federal Defendants deny that Plaintiffs are entitled to the relief requested or any other relief whatsoever.

## GENERAL DENIAL

Unless specifically admitted herein, Federal Defendants deny each and every allegation in Plaintiffs' Second Amended Complaint.

## AFFIRMATIVE DEFENSES

1. Plaintiffs lack standing to bring some or all of their claims.

2. Plaintiffs have failed to state a claim upon which relief can be granted.

3. Some or all of Plaintiffs' claims are moot.

4. Some or all of Plaintiffs' claims are not ripe.

5. Plaintiffs' claims are barred by the statute of limitations.

## PRAYER

WHEREFORE, Federal Defendants having fully answered and responded, pray that the Second Amended Complaint be dismissed, that Plaintiffs receive no relief, that all costs and expenses of this litigation be borne by Plaintiffs, and that Federal Defendants be afforded such other relief as may be justified by the facts and the law.

Respectfully submitted this 20th day of December, 2017.

        JEFFREY H. WOOD
        Acting Assistant Attorney General
        Environment & Natural Resources Division

        BY:   /s/ Carter F. Thurman
        CARTER F. THURMAN
        U.S. Department of Justice
        Environment and Natural Resources Division
        P.O. Box 7611
        Washington, DC 20044-7611
        Tel:  (202) 305-0444 (Thurman)
        Fax: (202) 305-0506
        Email: Carter.Thurman@usdoj.gov
        GA Bar No. 691275

        ***Attorney for Federal Defendants***

Of Counsel:
Michelle Andotra
Office of the Chief Counsel, FHWA
60 Forsyth St. SW, Suite 8M5
Atlanta, GA 30303

## CERTIFICATE OF SERVICE

I do hereby certify that on this 20th day of December, 2017, the foregoing Federal Defendants' Answer to Plaintiffs' Second Amended Complaint was electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Michael K. Murphy
Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue NW
Washington, DC 20036
202-955-8238
Fax: 202-530-9657
Mmurphy@gibsondunn.com

Bryson C. Smith
Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue NW
Washington, DC 20036
202-887-3715
Fax: 202-831-6019
Bsmith@gibsondunn.com

Zia C. Oatley
Oatley Law
1710 Lake Valley Trail
Chapel Hill, NC 27517
202-550-3332
Fax: 202-831-6019
Ziacromer@gmail.com

*Attorneys for the Plaintiffs*

John G. Batherson
N. C. Dept. of Justice
1505 Mail Service Center
Raleigh, NC 27699-1505
919-707-4480
Fax: 919-733-9329
Jbatherson@ncdoj.gov

Colin Justice
N. C. Dept. of Justice
1505 Mail Service Center
Raleigh, NC 27699-1505
919-707-4480
Fax: 919-733-9329
Cjustice@ncdoj.gov

*Attorneys for the State Defendants*

Kimberley Hunter
Southern Environmental Law Center
601 West Rosemary Street, Suite 220
Chapel Hill , NC 27516-2356
919-967-1450
Fax: 919-929-9421
Khunter@selcnc.org

Derb S. Carter
Southern Environmental Law Center
601 West Rosemary Street, Suite 220
Chapel Hill , NC 27516-2356
919-967-1450
Fax: 919-929-9421
Dcarter@selcnc.org

Nicholas S. Torrey
Southern Environmental Law Center
601 West Rosemary Street, Suite 220
Chapel Hill , NC 27516-2356
919-967-1450
Fax: 919-929-9421
Ntorrey@selcnc.org

*Attorneys for the Intervenor-Defendants*

BY:  /s/ Carter F. Thurman
CARTER F. THURMAN
U.S. Department of Justice
Environment and Natural Resources Division
P.O. Box 7611
Washington, DC 20044-7611
Tel: (202) 305-0444
Email: Carter.Thurman@usdoj.gov
GA Bar No. 691275