IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
NO. 2:17-CV-00004-FL

| | |
|---|---|
| SAVE OUR SOUND OBX, INC., THOMAS ASCHMONEIT, RICHARD AYELLA, DAVID HADLEY, MARK HAINES, JER MEHTA, and GLENN STEVENS,<br><br>Plaintiffs,<br><br>v.<br><br>NORTH CAROLINA DEPARTMENT OF TRANSPORTATION, JAMES H. TROGDON, III, in his official capacity as Secretary of the North Carolina Department of Transportation, FEDERAL HIGHWAY ADMINISTRATION, and JOHN F. SULLIVAN, III, in his official capacity as Division Administrator for the Federal Highway Administration,<br><br>Defendants,<br><br>and<br><br>DEFENDERS OF WILDLIFE and NATIONAL WILDLIFE REFUGE ASSOCIATION,<br><br>Defendant-Intervenors. | **Motion DENIED.**<br><br>This the 16 day of January, 20 18.<br><br>/s/Louise W. Flanagan, U.S. District Judge<br><br><br>PLAINTIFFS' MOTION FOR RECONSIDERATION AND INFORMATION REGARDING FEDERAL DEFENDANTS AND DEFENDANT-INTERVENORS' JOINT MOTION FOR EXTENSION |

On January 12, 2018, Federal Defendants and Defendant-Intervenors filed a joint motion (the "Extension Motion") requesting a two-week extension of the deadline for Defendants and Defendant-Intervenors to file their responses to Plaintiffs' motion for summary judgment, which was filed on January 10, 2018. The Extension Motion attempted to place blame on Plaintiffs for schedule delays in order to justify the requested relief. A few hours after the Extension Motion was filed, D.E. 99, and before Plaintiffs were able to file an opposition to clarify their position

1

and the background of the extension request, the Court issued an order partially granting the Extension Motion, D.E. 100.

Specifically, the Court extended by one week the deadline for Defendants and Defendant-Intervenors to file their responses to Plaintiffs' motion for summary judgment and their cross-motions for summary judgment, while reducing by one week Plaintiffs' time to file a reply in support of their motion for summary judgment and response to the various cross-motions.

Plaintiffs appreciate that the Court refused simply to extend the schedule by two weeks as requested by Federal Defendants and Defendant-Intervenors. As stated in the Extension Motion, NCDOT has announced that construction is projected to commence on March 23, 2018. Construction will cause irreparable harm to Plaintiffs and the environment through, for example, the destruction of habitat, the disturbance of the earth and Pamlico Sound due to the installation of pilings, and the disruption of Section 4(f) property due to the installation of haul roads. And as construction continues, the Jug-Handle Bridge alternative will gain even more momentum, thereby predetermining future NEPA decision-making even if Plaintiffs prevail here. As such, Plaintiffs' primary goal is to provide this Court with sufficient time to review the summary judgment briefing and issue a decision before construction begins.

Currently, the summary judgment briefing will conclude on or before March 7, 2018, providing the Court with as few as 16 days to review the briefs, possibly hold a hearing, and issue its decision.

Although Plaintiffs agree with not extending the finish line for the summary judgment briefing, Plaintiffs respectfully request that the Court alter the briefing schedule that it issued last Friday, January 15. D.E. 100. That schedule permits Federal Defendants, State Defendants, and Defendant-Intervenors 28 days to respond to 48 pages of briefing from one party (Plaintiffs).

Thereafter, Plaintiffs are given only 14 days to respond to up to 150 pages of briefing from *three* separate parties. That brief will be an opposition to any motions for summary judgment filed by Defendants and Defendant-Intervenors (which may include standing, statute of limitations, or separate theories), as well as a reply in support of Plaintiffs' initial motion. Thereafter, Defendants and Defendant-Intervenors are provided with 14 days and 75 collective pages to reply to Plaintiffs' response to their separate motions for summary judgment, if any are filed.

The current schedule will unfairly limit Plaintiffs' ability to present their claims. A mere 14 days for Plaintiffs to respond to 150 pages of briefs—plus an unknown number of pages contained in the three separate statements of material facts—poses an incredibly burdensome time constraint on Plaintiffs and threatens to limit the effectiveness with which Plaintiffs are able to convey their legal arguments to this Court. Instead, Plaintiffs urge the Court to shorten Defendants and Defendant-Intervenors' period to reply from 14 to 7 days. That reply brief is more limited in scope because it excludes discussion of Plaintiffs' motion for summary judgment—which is the central issue in this matter.

Regardless of the exactitude of when briefs are due, the current schedule provides the Court with only 16 days to resolve this case before construction commences. Plaintiffs hereby request that Defendants provide the parties and the Court with details regarding what construction activities will occur in the first several weeks of the project so they can analyze whether irreparable harm will occur and whether it will involve destruction of Section 4(f) property. That information is important for the Court to determine its own internal timeline for issuing a decision on summary judgment, or alternatively issuing an order staying construction pending its decision on summary judgment. Plaintiffs also need this information to determine

3

whether a separate motion for preliminary injunction is necessary before the Court's decision or whether they should seek a stay after the decision pending appeal.

**Background on the Case Schedule and Schedule for Construction**

As a threshold matter, the Extension Motion shaded certain facts that serve to cast Plaintiffs in an unfair light. For one thing, the Extension Motion lists a series of events—*i.e.*, Plaintiffs' motion to complete the Administrative Record and Plaintiffs' motion to amend their complaint—that have previously resulted in delays to the case schedule. Although these events did add time to the case schedule, all of the prior delays (both those resulting from Plaintiffs' actions and from the actions of other parties—such as the multiple motions to dismiss and Federal Defendants' extension of time to lodge the Administrative Record) had already occurred when the parties filed a joint motion for briefing schedule on October 30, 2017. D.E. 82. Thus, these delays were water under the bridge at the time that the Court entered the scheduling order on November 3, 2017, from which Federal Defendants and Defendant-Intervenors were seeking relief in the Extension Motion. D.E. 84. Pursuant to the November 3 order, Plaintiffs were to file their motion for summary judgment within 21 days of Defendants/Defendant-Intervenors filing their answers to Plaintiffs' Second Amended Complaint. Given that the answers were filed on December 20, 2017, the deadline for Plaintiffs' summary judgment motion was January 10, 2018. Although Plaintiffs made extensive efforts to review the 100,000-plus page Administrative Record, draft their motion, and file it before January 10, such efforts proved insufficient. As a result, Plaintiffs filed their motion for summary judgment on January 10, within the Court-ordered deadline.

A few days before Defendants and Defendant-Intervenors filed their answers to Plaintiffs' Second Amended Complaint, Federal Defendants informed Plaintiffs of scheduling

4

conflicts and inquired about Plaintiffs' position regarding a potential extension in the briefing schedule to accommodate these conflicts. Plaintiffs' counsel stated that Plaintiffs would not oppose an extension to the briefing schedule—but only on the condition that any extension in the briefing schedule was coupled with a commitment to postpone the construction commencement date by an equal amount of time. *See* Ex. A (Dec. 21, 2017 E-Mail from Plaintiffs' Counsel to Counsel for Other Parties). Plaintiffs viewed this offer as a reasonable compromise that would ensure that any extension to the briefing schedule did not prejudice Plaintiffs by reducing the chances that this case is resolved prior to commencement of construction.[1]

Relatedly, after Plaintiffs filed their motion for summary judgment, Defendant-Intervenors informed the other parties that they would be seeking a one-week extension to file a response and cross-motion for summary judgment. Federal Defendants subsequently stated that they would seek a two-week extension, and State Defendants represented that they did not oppose such a request. As they had represented before, Plaintiffs informed the other parties that they were amenable to an extension in the briefing schedule *if* such an extension was coupled with an equal extension of the date on which bridge construction is scheduled to commence. Defendants rejected this offer, so Plaintiffs informed the parties that they would have to oppose the Extension Motion. *See* Ex. B (Jan. 11, 2018 E-mail from Plaintiffs' Counsel to Counsel for Other Parties).

---

[1] During these discussions, Federal Defendants also proposed staying *all* briefing deadlines indefinitely to allow Federal Defendants to lodge a supplement to the Administrative Record. Once again, Defendants declined to extend the construction date during this period. Seeking to expedite resolution of this matter and because Federal Defendants represented that the supplement would contain only documents that were created after the challenged Record of Decision was issued, Plaintiffs rejected this proposal and insisted that the current briefing schedule be maintained. *See* Ex. A.

## The New Case Schedule Raises Questions of Fundamental Fairness.

Pursuant to the briefing schedule set forth in the Court's January 12 order, Defendants and Defendant-Intervenors have 28 days to respond to 48 pages of briefing and to file their motions for summary judgment, which presumably they could have assembled before now.[2] Due to the one-week reduction in Plaintiffs' deadline to file a reply in support of their motion for summary judgment and response to the various cross-motions for summary judgment, Plaintiffs will now have only 14 days to respond to up to 150 pages of briefing from three different sets of parties (Federal Defendants, State Defendants, and Defendant-Intervenors), not to mention responding to the three separate statements of material facts that each party is required to file pursuant to the Local Rules. *See* Local Civil Rule 56.1(a). Defendants and Defendant-Intervenors will then have 14 days to file a reply on their summary judgment motions, if any, in response to a maximum of only 50 pages filed by Plaintiffs.

Given that Defendants and Defendant-Intervenors are collectively allowed to file three times the volume of briefs as Plaintiffs in the initial rounds of briefing, reducing Plaintiffs' deadline in order to make room for an extension for Defendants/Defendant-Intervenors raises questions of fundamental fairness. Again, Plaintiffs agree with the Court's objective to maintain the same end date for briefing. However, logic and justice dictate that any extension granted to Defendants/Defendant-Intervenors be met with either a reduction in the reply deadline for Defendants/Defendant-Intervenors or an extension of the construction date—not a reduction in Plaintiffs' deadline to respond to three separate cross-motions for summary judgment. And aside

---

[2] The Extension Motion inaccurately states that the memorandum in support of Plaintiffs' motion for summary judgment is 55 pages long, which would be a violation of this Court's order that the brief be limited to 50 pages. *See* D.E. 84 ¶ 1(c)(ii). Pursuant to the Local Rules regarding page counting, Plaintiffs' memorandum is 48 pages long. *See* Local Civil Rule 7.2(f)(3).

from any comparisons of the relative burdens among the various parties, 14 days is an inordinately short period of time to respond to 150 pages of briefing and untold pages of statements of material facts. Even with a large legal team, this would be a daunting task. But these demands are exacerbated here given that Plaintiffs' substantive legal work is being conducted by only two attorneys, both of whom have a range of other demands for their time.

## **Request for Relief**

Plaintiffs respectfully request that the Court reconsider its order regarding the Extension Motion. Specifically, Plaintiffs request that the Court modify the order by reducing the time for Defendants and Defendant-Intervenors' reply briefs, rather than reducing the time for Plaintiffs' response and reply briefs. Alternatively, Defendants could stay the construction commencement date by one week.

Additionally, Plaintiffs request that the Court order Defendants to provide more detailed information regarding the specifics of planned construction in the weeks after March 23. As of now, NCDOT has announced that construction is scheduled to commence on March 23 but has not elaborated as to what activities will take place, where, and when. The Court would benefit from this information, as it would allow the Court to weigh the potential harm incurred during the pendency of a decision. It also would allow the Court to better determine the appropriate speed for issuing a decision on the summary judgment motions. Similarly, the information would permit Plaintiffs to evaluate the necessity of requesting a preliminary injunction or other relief.

Dated: January 16, 2018						Respectfully submitted,

/s/ Michael K. Murphy_____
Michael K. Murphy
  D.C. Bar No. 468907
  MMurphy@gibsondunn.com
Bryson C. Smith
  D.C. Bar No. 1025120
  BSmith@gibsondunn.com
GIBSON, DUNN & CRUTCHER, LLP
1050 Connecticut Ave., N.W.
Washington, D.C. 20036
Tel: (202) 955-8500
Fax: (202) 530-9657
Counsel for Plaintiffs

/s/ Zia C. Oatley_____
Zia C. Oatley
KEAN MILLER, LLP
909 Poydras Street
Suite 3600
New Orleans, LA 70112
Tel: (504) 620-3346
Fax: (504) 620-3198
Zia.Oatley@keanmiller.com
NC Bar No. 44664
Local Civil Rule 83.1 Counsel for Plaintiffs

# CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of January, 2018, I electronically filed a copy of the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing, and pursuant to Local Civil Rule 5.1(e), shall constitute service upon, the following:

>John G. Batherson
>Colin Justice
>North Carolina Department of Justice
>1505 Mail Service Center
>Raleigh, NC 27699
>***Counsel for Defendants North Carolina Department of***
>***Transportation and James H. Trogdon, III,***
>***in his official capacity as Secretary of NCDOT***
>
>Carter Fleeth Thurman
>Neal Fowler
>U.S. Department of Justice
>601 D Street NW
>Washington, D.C. 20001
>***Counsel for Defendants Federal Highway Administration and***
>***John F. Sullivan, III, in his official capacity as Division Administrator***
>***of FHWA***
>
>Derb S. Carter, Jr.
>Kimberley Hunter
>Nicholas S. Torrey
>Southern Environmental Law Center
>601 West Rosemary Street, Suite 220
>Chapel Hill, NC 27516-2356
>***Counsel for Defendant-Intervenors Defenders of Wildlife and***
>***National Wildlife Refuge Association***

This the 16th day of January, 2018.

/s/ Bryson C. Smith
Bryson C. Smith
